MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STACY CALVERT on behalf of herself and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

### COMPLAINT

Plaintiff, STACY CALVERT (hereinafter collectively referred to as "PLAINTIFF") by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts and, as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.  PLAINTIFF brings this action on her own behalf and on behalf of all others similarly situated for actual and statutory damages arising from Defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692,

- 1 -

et seq., all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair and illegal practices, and Nevada Revised Statutes (hereinafter "NRS"), 41.600 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANTS reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. ALESSI & KOENIG, LLC is a Nevada Limited Liability Company, doing business in Nevada, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES 1 through 20 inclusive, and ROE Corporations 1 through 20 inclusive, sued herein, and therefore sues said Defendants by such fictitious names. Such DOES and ROE Corporations may include the members, officers, directors, management or employees of ALESSI & KOENIG, LLC and such other related persons or entities that participate in the collection of consumer debt. PLAINTIFF prays for leave to insert said Defendants' true names and legal capacities when ascertained.

9. PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants designated herein as Defendants DOES 1 through 20 and ROE Corporations 1 through 20 are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

10. Defendants ALESSI & KOENIG, LLC, DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20, inclusive are collectively referred to herein as "DEFENDANTS".

11. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them, regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each of the DEFENDANTS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. At all times material hereto, and in doing the acts and omissions alleged herein, the DEFENDANTS and each of them acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

13. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein each of the DEFENDANTS sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in

some way liable or responsible to the PLAINTIFFS on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

## STATEMENT OF FACTS

14. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

15. On or about December 20, 2010, DEFENDANTS mailed or caused to be mailed, a collection letter addressed to PLAINTIFF.

16. Upon receipt of DEFENDANTS' letter, PLAINTIFF opened and read it.

17. The letter demanded payment of a consumer debt allegedly owed by PLAINTIFF. A copy of the portion of said letter relevant to the instant suit is attached hereto as Exhibit "1".

## FIRST CLAIM FOR RELIEF

**BROUGHT BY PLAINTIFF ON BEHALF OF HERSELF AND ALL SIMILARLY SITUATED PERSONS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALL DEFENDANTS.**

18. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19. This claim for relief is brought by PLAINTIFF individually and on behalf of a class, consisting of consumers with Nevada addresses who:

    a. Within one year prior to the filing of this action;

    b. Were sent a collection letter by DEFENDANTS;

    c. In a form materially identical or substantially similar to the letter sent to the PLAINTIFF, attached hereto as Exhibit "1"; and

    d. The letter was not returned by the postal service as undelivered.

20. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

   a. The collection letter at the heart of this litigation is a form letter and the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting individual class members. The principal question presented by this case is whether the letter sent by DEFENDANTS, attached as Exhibit "1", violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

   c. The only issue related to the individuals of class is the identification of the individual consumers who received the letter (i.e. the class members), a matter capable of ministerial determination from the DEFENDANTS' records.

   d. PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

   e. PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

21. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. (See, 15 U.S.C.§ 1692k) The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23 (b)(3) of the FRCP.

23. Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the forgoing, the following conduct is a violation of this section:
> …
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (Emphasis added).

24. This notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the "least sophisticated consumer."

25. DEFENDANTS' collection letter, in the form represented by Exhibit "1" does not contain the language required by § 1692e.

26. Thus the letter sent by DEFENDANTS violated the FDCPA by failing to notify the consumer that DEFENDANTS are attempting to collect a debt and that any information obtained will be used for that purpose (15 U.S.C.§ 1692e(11)).

27. Upon information and belief, PLAINTIFF alleges that DEFENDANTS are responsible for additional violations of the FDCPA and reserves her right to amend this complaint to reflect such allegations prior to the time of trial.

28. As a result of DEFENDANTS' abusive, deceptive and unfair debt collection practices, DEFENDANTS are liable to PLAINTIFF and members of the class for damages as set forth in the Prayer for Relief contained herein.

### SECOND CLAIM FOR RELIEF

**BROUGHT BY PLAINTIFF ON BEHALF OF HERSELF AND ALL CLASS MEMBERS FOR CONSUMER FRAUD BASED ON VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST ALL DEFENDANTS.**

29. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 28 inclusive, above.

30. This claim for relief is brought by PLAINTIFF individually and on behalf of a class, consisting of consumers with Nevada addresses as set forth above.

31. PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

32. At all times herein DEFENDANTS were subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

33. Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. ..."

34. Pursuant to NRS 649.075, as a collection agency operating in Nevada, DEFENDANTS were and are required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions.

35. Pursuant to NRS 649.075, and pleaded in the alternative, as collection agency operating from outside Nevada, but collecting debt from Nevada residents, DEFENDANTS were and are required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

- 7 -

36. DEFENDANTS are not licensed as a collection agency in Nevada and have not registered as a foreign collection agency in Nevada and, as a result, DEFENDANTS have violated the Nevada Deceptive Trade Practices Act.

37. DEFENDANTS are subject to liability for civil penalties, PLAINTIFF'S attorney fees and costs for violations of the Nevada Deceptive Trade Practices Act and PLAINTIFF and members of the class are entitled to damages as set forth in the Prayer for Relief herein.

**DEMAND FOR JURY TRIAL**

38. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against DEFENDANTS, and each of them, for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of DEFENDANTS;

(4) A declaration that DEFENDANTS' form letter, represented by Exhibit "1", violates the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(3);

(5) For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act, including punitive damages;

(6) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(7) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(8) For any and all other relief this Court may deem appropriate.

DATED this 21st day of April 2011.

        Respectfully submitted by:

        THE BOURASSA LAW GROUP, LLC

        _____

        MARK J. BOURASSA, ESQ.
        Nevada Bar No. 7999
        3025 West Sahara Ave., Suite 105
        Las Vegas, Nevada 89102
        Tel: (702) 851-2180
        Fax: (702) 851-2189
        mbourassa@bourassalawgroup.com
        Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Stacy Calvert, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by exsisting law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint in not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or created a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C § 1746(2), I, Stacy Calvert, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

___4/21/11___  
Date

___Stacy Calvert___  
STACY CALVERT

# EXHIBIT 1

# EXHIBIT 1

DAVID ALESSI*

THOMAS BAYARD *

ROBERT KOENIG**

RYAN KERBOW***

\* Admitted to the California Bar

\** Admitted to the California, Nevada and Colorado Bar

\*** Admitted to the Nevada and California Bar



*A Multi-Jurisdictional Law Firm*

9500 W. Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Telephone: 702-222-4033
Facsimile: 702-222-4043
www.alessikoenig.com

ADDITIONAL OFFICES

AGOURA HILLS, CA
PHONE: 818- 735-9600

RENO NV
PHONE: 775-626-2323
&
DIAMOND BAR CA
PHONE: 909-861-8300

December 20, 2010

*Pre-Notice of Default*

STACY CALVERT
2670 BOBOLI CT.
HENDERSON, NV 89052

Regarding: **The Estates at Seven Hills Owners Association/2670 BOBOLI CT./HO #23808**

Dear STACY CALVERT:

Please be informed that as of today's date our office has not received payment pursuant to the Notice of Delinquent Assessment Lien recorded against your property on **November 18, 2010**. Please understand that failure to bring your account current or failure to contact this office by **January 4, 2011** will result in the initiation of foreclosure proceedings on your property and include a minimum $750.00 in additional charges.

The total amount currently due is **$3,870.00**. Please submit payment to our offices at the above listed **Nevada** address, made payable to the **Alessi & Koenig, LLC**.

If this debt has been subject to discharge in bankruptcy, this letter is not an attempt to proceed and collect against you individually, but is a proceeding to collect on our client's secured interest in your property. Again, it is extremely important that we receive your payment by **January 4, 2011**. Should you fail to bring your delinquent account current, you could lose ownership of your home.

Should you have any questions, please contact this office at 702-222-4033.

Yours very truly,

ALESSI & KOENIG, LLC

Stephanie Knickerbocker
Legal Assistant